LUIS CALERO ALFARO, Plaintiff and Appellee, *v.* JOSÉ GONZÁLEZ MERCADO, Defendant and Appellant.

No. 8587.   Argued February 11, 1943.—Decided March 15, 1943.

*José Veray, Jr.*, for appellant.   *García Méndez & García Méndez* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On January 27, 1941, defendant José González Mercado, assaulted with a revolver plaintiff Luis Calero inflicting upon him two bullet wounds in the left thigh. Falero filed a complaint in the District Court of Aguadilla for damages sustained as a consequence of said wounds. Plaintiff alleged that he was in his farm when defendant suddenly appeared and fired three shots at him with the intention of killing him.

Defendant answered specifically denying each and every one of the facts alleged in the complaint; and as a special defense he alleged, that the damages suffered by plaintiff

were not due to the fault, negligence, or criminal intent on the part of defendant but were due to plaintiff's own fault.

The lower court rendered judgment in favor of plaintiff for the sum of $1,750 plus $300 for attorney's fees, and costs.

Defendant-appellant alleges that the trial court erred in weighing the evidence; in finding that the wounds suffered by plaintiff were caused by the fault, negligence, and criminal acts of defendant; and in adjudging defendant to pay attorney's fees.

We have examined the evidence introduced by both parties. Plaintiff's evidence shows that on the day in question and on the spot where plaintiff's farm abuts on that of defendant, an argument arose between the two abutting owners in respect to the place in which the landmarks which defendant had ordered to be placed there to mark the boundary line should be placed; that defendant assaulted plaintiff with a cane but failed to hit him because plaintiff had jumped back; that immediately defendant drew the revolver which he carried and fired three shots at plaintiff, who was standing about eight feet from him, wounding him in the left thigh and hip; that the third shot was fired by defendant when plaintiff was already lying on the floor wounded; that during all this time plaintiff was unarmed; that between plaintiff, who stood within his farm, and defendant, who stood within his, there was a hedgerow and a wire fence.

The evidence for defendant tended to show that during the argument plaintiff Luis Calero had a dagger in his hand in a hostile attitude; that defendant said to him: "Well, look here, I am not taking those landmarks down," and plaintiff answered: "The trouble is that you are a kaiser," to which defendant replied: "And you are full of insolence"; that plaintiff then raised the dagger and swung at defendant, who jumped back and fired the first shot at him, firing the second shot when he saw that plaintiff was continuing to advance.

The sharp conflict that exists in the evidence was decided by the trial court in favor of plaintiff, stating at follows:

"The essential facts stated in the complaint as to the way in which the happenings took place were not controverted. As to the way the happenings began and developed defendant and his witnesses gave a different version from that of the plaintiff and his witnesses, but the court gave no credit to defendant or to his witness and on the contrary gives complete credence to the evidence for the plaintiff."

Plaintiff's evidence to which the lower court gave entire credence, being sufficient in our opinion to sustain the judgment appealed from, and passion, prejudice, or partiality in the weighing of the evidence not having been imputed to the trial court, it is our duty to hold that the first alleged error was not committed. Nor was the second error, which is practically a repetition of the first, committed.

The lower court did not abuse its discretion in ordering defendant to pay attorney's fees on grounds of obstinacy. Nor did it abuse its discretion in weighing the amount of the damages and in fixing $300 as attorney's fees. The judgment appealed from, which we consider just and reasonable, should be affirmed.